UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------------X
RUTH CALDERÓN-CARDONA for the ESTATE OF          :
CARMELO CALDERÓN-MOLINA, et al.,                 :
                                                 :
                    Plaintiffs,                  :
                                                 :
            vs.                                  :    Civil Action No.: 1:06CV00744
                                                 :
DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA,           :
a.k.a. NORTH KOREA, et al.,                      :
                                                 :
                    Defendants.                  :
------------------------------------------------------------------------X

AFFIDAVIT IN SUPPORT OF DEFAULT

I, John M. Clifford, being duly sworn, depose and say:

1.      I am an attorney with the firm of Clifford and Garde. I am one of the attorneys of record representing the Plaintiffs in the above-entitled case.

2.      On April 24, 2006, a Complaint in this matter was filed against the Democratic People's Republic of Korea, a/k/a North Korea, and the Cabinet General Intelligence Bureau, a/k/a North Korean Intelligence Service (collectively, "Defendants").

3.      Pursuant to 28 U.S.C. § 1608(a)(3) on July 21, 2006, I caused copies of the Summons, Complaint, and Notice of Suit, together with a translation of each into North Korean, to be brought to the Clerk of the Court for  inspection. Two Affidavits Requesting Foreign Mailing were also provided to the Clerk of the Court. The Clerk of the Court reviewed the contents of the five (5) packages and the addresses relative thereto, and under her supervision, directed Plaintiffs' counsel to effect service upon the Defendants in this matter via DHL, international mail, return receipt requested. (See letter from Plaintiffs' Counsel to the Clerk of the Court dated July 21, 2006, attached hereto as Exhibit "A.")

4.      On August 1, 2006 the five (5) packages, each containing a copy of the Summons, Complaint, and Notice of Suit, together with a translation of each into North Korean, were sent to the Defendants via DHL.

5.      According to the delivery reports provided by DHL: On August 7, 2006 "Choi" accepted and signed for one package of documents at the Supreme People's Assembly offices; On

August 7, 2006 "Lipongil" accepted and signed for one package of documents at the North Korean Ministry of Foreign Affairs; On August 7, 2006 "Lipongil" accepted and signed for one package of documents at the Office of the General Secretary of the Korean Worker's Party; On August 7, 2006 "Liponglyol" accepted and signed for one package of documents at the North Korean Ministry of Foreign Affairs; On August 7, 2006 "Lipongil" accepted and signed for one package of documents at the Office of the General Secretary of the Korean Worker's Party. (See DHL "Detailed Report" verifying delivery of each of the packages, attached hereto as Exhibit "B.")

6.      Subsequent thereto, Plaintiffs' counsel received a report from DHL confirming delivery of the packages. (See DHL Express documents, attached hereto as Exhibit "C.")

7.      Accordingly, service was completed as of August 7, 2006 pursuant to 28 U.S.C. § 1608(c)(2). Defendants were served with process pursuant to the provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608 and Rule 4(j)(1) of the Federal Rules of Civil Procedure, which directs that "service upon a foreign state or political subdivision, agency or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608."

8.      Pursuant to 28 U.S.C. § 1608(d) the Defendants had sixty (60) days from August 7, 2006 to answer or make some other type of responsive pleading. Defendants have failed to make any response.  No appearance has been entered by said Defendants in this case; no pleading has been filed, and none has been served upon Plaintiffs' counsel; no extension for time to Answer has been given and the time for filing has expired; none of the Defendants is an infant or an incompetent person. Accordingly, a Rule 55(a) default is timely and proper.

9.      Plaintiffs effected service under 28 U.S.C. § 1608(a)(3) because none of the prerequisite methods of service under § 1608 are available in this case; to wit, no "special arrangement" exists with regard to any of the Plaintiffs and any of the Defendants, 28 U.S.C. § 1608(a)(1); nor has any international convention been ratified by the Democratic People's Republic of North Korea nor the Cabinet General Intelligence Bureau, 28 U.S.C. § 1608(a)(2).

10.     The authority for obtaining personal jurisdiction over the Defendants served outside the District of Colombia is the Foreign Sovereign Immunities Act, 28 U.S.C. § § 1330, 1605(a), 1608(a)(3).

The Clerk is requested to enter a default against said Defendants.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 12, 2006.


_____/s/_____
John M. Clifford  D.C. Bar No. 191866
Clifford & Garde
1707 L St., N.W. # 500
Washington, D.C.  20036