UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
RUTH CALDERÓN-CARDONA, et al.,   )
                                                            )
                            Plaintiffs,         )
                                                            )
            v.                                          )      Civil Action No. 06-744 (RBW)
                                                            )
DEMOCRATIC PEOPLE'S REPUBLIC )
OF KOREA, et al.,                              )
                                                            )
                            Defendants.      )
_____)

**PLAINTIFFS' MOTION FOR: (1) LEAVE TO FILE AFFIDAVITS OR DECLARATIONS IN SUPPORT OF PLAINTIFFS' REQUEST FOR THE ENTRY OF DEFAULT JUDGMENT; (2) EXTENSION OF TIME TO PRESENT EVIDENCE**

**PRELIMINARY STATEMENT**

This Court's July 31, 2007 Order (the "July 31 Order") requires plaintiffs to "file the appropriate papers for the entry of a default judgment or advise the Court as to why they are unable to do so at that time and when, if ever, they will be able to make such a filing" by November 27, 2007. Because an award of default judgment in this case is governed by the unique procedures set forth in 28 U.S.C. § 1608(e), plaintiffs intend to present evidence by way of affidavits and/or declarations made pursuant to 28 U.S.C. § 1746, a method that has been approved by Courts in this District, and, by this motion, request formal leave to do so. In addition, and as explained in greater detail herein, due to the complex logistics of gathering and assembling the affidavits or declarations and other supporting material, plaintiffs also respectfully request that the Court grant a ninety-day extension of time (until February 27, 2008) to file the required materials. This is plaintiffs' first request of an extension of time of the deadlines established in the Court's July 31, 2007 Order.

## RELEVANT FACTUAL BACKGROUND

On April 24, 2006 plaintiffs filed this action (the "Action") against the Democratic People's Republic of Korea ("North Korea") and its agency Cabinet General Intelligence Bureau ("CGIB") (referred to herein collectively as the "defendants"). The Action seeks damages for the injuries plaintiffs sustained as a result of a terrorist attack that occurred at Israel's Tel Aviv airport. The Action alleges that defendants materially supported the terrorist organizations responsible for the attack and, therefore, are liable for plaintiffs' resulting damages pursuant to 28 U.S.C. § 1605(a)(7) – the terrorism exception to the Foreign Sovereign Immunities Act.

Despite receiving proper service and notice of the Action, defendants failed to respond. On October 13, 2006, the Clerk of the Court declared the defendants to be in default. On June 27, 2007 the Court issued a sua sponte Order requiring that plaintiffs show cause as to why the case should not be dismissed. Plaintiffs filed their response on July 26, 2007, and on July 31, 2007 the Court issued an Order requiring "that the plaintiffs shall by November 27, 2007, file the appropriate papers for the entry of a default judgment or advise the Court as to why they are unable to do so at that time and when, if ever, they will be able to make such a filing."

## ARGUMENT

**I.   PLAINTIFFS SHOULD BE PERMITTED TO PRESENT SUPPORTING EVIDENCE VIA AFFIDAVITS AND/OR DECLARATIONS MADE PURSUANT TO 28 U.S.C. § 1746.**

28 U.S.C. § 1608(e) provides in relevant part:

> No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

To meet § 1608(e)'s requirements, courts in this District routinely permit plaintiffs to present evidence in the form of affidavits or declarations made under penalty of perjury. See

Bennett v. Islamic Republic of Iran, 507 F. Supp. 2d 117, 125 (D.D.C. 2007); Blais v. Islamic Republic of Iran, 459 F. Supp. 2d 40, 53 (D.D.C. 2006); Stern v. Islamic Republic of Iran, 271 F. Supp. 2d 286, 288 (D.D.C. 2003) (collecting cases).  As observed in Hutira v. Islamic Republic of Iran, 211 F. Supp. 2d 115, 124 (D.D.C. 2002):

> Affidavits, though usually not admitted into evidence in ordinary trials, are allowed in hearings conducted under 28 U.S.C. § 1608(e) since the hearings are *ex parte*. That is, courts have found that there is no reason to require live witness testimony in these hearings because the defendants have failed to enter an appearance in the actions, and, accordingly, would not be there to cross-examine the affiant in open court." [emphasis added.]

Plaintiffs all currently reside in Puerto Rico.  Three of the plaintiffs are over the age of 85 and are unable to leave their residences.  All others are senior citizens who cannot easily travel to provide live testimony absent considerable difficulty and expense.  Accordingly, and in order to save plaintiffs and the Court considerable time, plaintiffs propose to present all evidence in the form of affidavits and/or declarations made pursuant to 28 U.S.C. § 1746.[1]

---

[1]   28 U.S.C. § 1746 states:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

  (1) If executed without the United States:  "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
     (Signature)".

  (2) If executed within the United States, its territories, possessions, or commonwealths:  "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
     (Signature)".

**II.    PLAINTIFFS' TIME TO PRESENT EVIDENCE SHOULD BE EXTENDED UNTIL FEBRUARY 27, 2008**

Obtaining affidavits, declarations, and other supporting evidence and materials for a §1608(e) application is a laborious process, particularly given that all of the plaintiffs reside in Puerto Rico and three of the plaintiffs are between 85 and 93 years of age and rarely leave their homes and cannot travel. The majority of the remaining plaintiffs are in their mid to late 70s, and travel would cause them significant difficulty and expense. In addition, some plaintiffs speak no English, while others speak only limited English, and plaintiffs therefore intend to submit other pieces of evidence that require certified translations.

Furthermore, plaintiffs intend to provide the Court with expert affidavits and/or declarations made pursuant to 28 U.S.C. § 1746 to support the allegations set forth in the Complaint regarding the defendant's connections to the international terrorist organizations at issue. Accordingly, granting plaintiffs request for a modest amount of time will provide adequate time to assure that expert witnesses' submissions are complete, accurate, and thoroughly researched.

Thus, in light of the significant burdens in translating and assembling the relevant materials and given the upcoming Thanksgiving Day holiday, plaintiffs request an extension of ninety days, until February 27, 2008, to submit supporting evidence upon written submission. We also note (in accordance with the Court's chambers rules) that this is plaintiffs' first request for any extension of time based upon the Court's July 31, 2007 Order, and granting said extension will not affect any other previously scheduled deadlines in this Action[2].

---

[2]    Obviously, given the Action's procedural posture, defendants have not communicated at all regarding this request or any other development in the Action.

4

WHEREFORE, plaintiffs request that the Court grant their motion to proceed by affidavit and/or declarations made pursuant to 28 U.S.C. § 1746 and to submit all such evidence on or before February 27, 2008.

Dated: November 20, 2007

                                                Respectfully submitted,

                                                CLIFFORD & GARDE

By:   /s/ John M. Clifford
       John M. Clifford,
       D.C. Bar No. 191866
       1707 L Street, N.W. Suite 500
       Washington, DC 20036
       Telephone:   (202) 289-8900
       Facsimile:    (202) 289-8992

OSEN & ASSOCIATE, LLC
Naomi B. Weinberg
(pro hac vice application filed)
Nathaniel A. Tarnor
(pro hac vice application filed)
700 Kinderkamack Road
Oradell, New Jersey 07649
Telephone:   (201) 265-6400
Facsimile:    (201) 265-0303

Attorneys for Plaintiffs